THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE ORVAL NORWOOD, Defendant-Appellant.

Third District   No. 79-255

Opinion filed May 9, 1980.—Rehearing denied June 2, 1980.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant, George Orval Norwood, from his conviction of indecent liberties with a child. A sentence of five years imprisonment has been imposed upon the defendant as a result of his having been found guilty of this offense.

After the jury announced its verdict and was excused, the trial court considered a prejudicial publicity question raised by the defense. Counsel for the defendant indicated that he had learned of a newspaper article regarding the case just before the jury returned with their verdict. The article, published in that morning's Quad City Times, reviewed the testimony given by the defendant the day before and showed its contrast with the testimony of the victim. The article mentioned the defendant's military record, his prior convictions for burglary, and the fact that he was facing another charge of indecent liberties based on another incident with a Moline teenager. This last fact in particular, defense counsel argued, made the article highly prejudicial and required the vacation of the jury verdict. The State resisted the motion, reminding the court that the jury had been admonished regarding publicity. The trial judge denied the defense motion, and defense counsel then moved for a poll of the jury. This request was also denied by the court, the judge noting that the matter could be pursued in a post-trial motion.

The cause came on for hearing on the post-trial motion and sentencing on March 29, 1979. The defendant's post-trial motion again raised the publicity issue. Over defense objection, the prosecutor informed the court of conversations he and Terry Lynch, a member of the probation department, had had with five or six of the jurors. These jurors had indicated that the publicity was not a topic of discussion during the jury's deliberation. Emphasizing the admonitions it had given the jury, the trial court denied the post-trial motion.

The matter then proceeded to sentencing. The presentence report was filed and considered. The State relied upon the report and presented no additional evidence. The defendant assumed the stand to repeat and emphasize portions of the presentence report, especially the facts that he had prior convictions for aggravated assault and burglary in 1973; that he had mental problems at about that time; that he had successfully completed terms of probation on the burglary convictions; that he had some 14 years of education; that he had served in the Marines for six

years; that he had been decorated repeatedly during that military service; and that he had been working for the past 16 months. The defendant's wife and mother also testified on his behalf. In addition, a stipulation was offered to the effect that the defendant's last employer thought highly of his work record and would consider rehiring him if he were placed on probation.

After hearing a statement from the defendant and arguments in aggravation and mitigation, the trial court imposed sentence. Citing the applicable statute and finding that probation would deprecate the seriousness of the offense, the judge denied the defendant's request for probation. Without additional comment, the court imposed a sentence of five years imprisonment.

The first issue raised by the defendant is whether reversible error occurred when the trial court refused to poll the jury to determine the extent of their exposure to alleged prejudicial publicity. There is no doubt that the last sentence of the article could have been prejudicial to the defendant. That sentence was: "Norwood also faces another charge of taking indecent liberties with another Moline teenager." The remainder of the article merely reported the evidence presented at the trial and could not have been prejudicial.

However, the request to poll the jury came at a time in the proceedings when polling is not demonstrated by the record to have been possible. The defendant, although his counsel was aware of the article before the jury returned its verdict, did not present his request until the jury had been excused and was no longer in the courtroom. Nor does the record indicate that the jurors were available to be polled at the time the request was made.

As a result, we find the trial court did not abuse its discretion in refusing to poll the jury. And for this reason we also find distinguishable such cases cited by the defendant which require polling when the request is made during the pendency of the trial. See *People v. Cox* (1966), 74 Ill. App. 2d 342, 220 N.E.2d 7.

The remaining issue raised by the defendant is whether the trial court adequately specified its reasons for the sentences imposed. Noting that this case presented a difficult situation, the trial court commented on the excellent record the defendant compiled during his initial enlistment in the Marines. However, the trial court observed that the defendant's conduct during his second enlistment was not as exemplary, with his being discharged due to having been AWOL for a total of 290 days. Although the defendant did not have a juvenile record, and from January 1975 to August 1976, he attended Blackhawk College, receiving 61 credit hours, in 1973 he pleaded guilty to a charge of aggravated assault, for which he was sentenced to four months in jail, and to two unrelated

charges of burglary, for which the defendant was placed on four years probation. On December 5, 1977, he was discharged from that probation. The events which led to his conviction in the case at bar occurred on April 27, 1978. Just a few days prior to this offense, the defendant had been married, and while his mother and wife provided strong support for the defendant, the trial court specifically found that a sentence of probation would deprecate the seriousness of the offense.

■ It is the defendant's contention that the trial court's denial of probation is conclusionary and perfunctory and does not constitute an adequate statement of reasons for the sentence imposed. We disagree. The trial court recites all the factors that went into its decision. This is all that is required. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—4—1.) Moreover, the defendant's reliance on this court's decision in *People v. Rickman* (1979), 73 Ill. App. 3d 755, 391 N.E.2d 1114, is misplaced. In *Rickman* the trial court stated only that he considered a prior offense and that he did not fully accept the State's argument as to the aggravated nature of the offense. *Rickman* is therefore distinguishable from the case at bar.

As a result, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.